**Steven SCHEIRE, Plaintiff-Appellant,**

v.

**INTERNATIONAL SHOW CAR ASSOCIATION (ISCA), Defendant-Appellee.**

No. 82–4304.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 1983.

Decided Aug. 8, 1983.

As Amended Oct. 3, 1983.

---

William F. Marini, San Leandro, Cal., for plaintiff-appellant.

Constance J. Allen, Colista, Green & Adams, Detroit, Mich., for defendant-appellee.

Before ELY, Senior Circuit Judge, SCHROEDER, and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Plaintiff Scheire appeals from summary judgment in favor of defendant International Show Car Association (ISCA) on a breach of contract claim and a fraud claim. We affirm.

Jurisdiction in this case is based on diversity of citizenship. There is no conflict of law between California, the forum state, and Michigan, the ISCA's state of incorporation, regarding the contractual nature of membership in a voluntary association. We therefore need not reach the issue of which law applies.[1]

The principle of judicial noninterference in internal disputes of voluntary associations should not be applied mechanically. *See Koszela v. National Association of Stock Car Auto Racing, Inc.,* 646 F.2d 749, 754 (2d Cir.1981). Thus courts have reviewed an association's decisions where, for instance, the organization unreasonably construed a plain and unambiguous provision of its constitution. *California Dental Association v. American Dental Association,* 23 Cal.3d 346, 354, 590 P.2d 401, 406, 152 Cal.Rptr. 546, 551 (1979) (citing *Mandracio v. Bartenders Union, Local 41,* 41 Cal.2d 81, 256 P.2d 927 (1953)). In determining whether judicial review is appropriate, we first ask whether the association has plainly contravened its bylaws. *California Dental Association,* 23 Cal.3d at 354, 590 P.2d at

1. The parties agree that both California and Michigan courts have recognized a contractual relation between an organization and its members. Furthermore, the existence of a contract does not alone defeat summary judgment. *See Koszela v. Nat'l Ass'n of Stock Car Auto Racing, Inc.,* 646 F.2d 749, 758–59 (2d Cir.1981).

406, 152 Cal.Rptr. at 551. If so, and if the burdens on the courts and on the interest of the association in its autonomy do not outweigh the aggrieved member's interests, exercise of our jurisdiction is appropriate. *Id.*

Our examination of the record leads us to conclude that the ISCA did not plainly contravene its bylaws or construe them in an arbitrary and unreasonable manner. First, it was reasonable for the ISCA not to apply Division Rule 2 retroactively. As the ISCA general manager explained, Rule 2 was designated as a non-retroactive rule. The ISCA had permitted past division champion cars to participate in events after the rule was introduced for the 1977–78 season. The ISCA's desire to act in accordance with precedent was not unreasonable.

Second, we conclude that it was reasonable for the ISCA to retain as an entry the car which Scheire challenged as inoperable under Classification and Judging Rule 5. Scheire did not lodge his protest as required by Classification and Judging Rule 7. Rule 7 states that a "protest must be filed in writing by 7:00 p.m. opening day of the show with an accompanying $250 protest fee." Scheire admitted that he did not file a written complaint or tender the $250 protest fee.

There is some dispute whether ISCA officials prevented Scheire from filing his protest in writing. Even assuming the facts as stated by Scheire, we find no ground for reversal of summary judgment. Scheire admitted that if the alleged inoperable car had been disqualified, his overall point totals "would have remained the same at 560." His score would have improved only if both of the challenged cars were disqualified. Because we hold that it was reasonable for the ISCA to accept for competition the previous division winner car, disqualification of the second car for inoperability would not have changed Scheire's overall standing. Therefore we find no error in the award of summary judgment because Scheire cannot show he suffered injury attributable to the alleged improper conduct. *See Pasquel v. Owen,* 186 F.2d 263, 271 (8th Cir.1950).

We hold that the ISCA did not act unreasonably, and therefore we need not engage in the balancing test set out in *California Dental Association,* 23 Cal.3d at 354, 590 P.2d at 406, 152 Cal.Rptr. at 551. We affirm summary judgment for the ISCA. Our holding applies to both the contract and fraud claims. Scheire has failed to show arbitrary or fraudulent conduct by the ISCA. His appeal was not, however, frivolous, and therefore we decline to award the ISCA costs and attorney's fees as it requested under Fed.R.App.P. 38.

AFFIRMED.